IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2629 |
| | § | |
| ALBIN GOLLA AND MISSIONARIES | § | |
| OF THE COMPANY OF MARY, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This case involves a car crash in Texas. The plaintiff, Krystal Berry, sued both the driver, Albin Golla, and his employer, Missionaries of the Company of Mary, alleging negligence. (Docket Entry No. 1). Berry sued in Texas state court on July 31, 2017. On August 25, Missionaries of Mary, a New York resident, removed to federal court on the basis of diversity jurisdiction. (Docket Entry No. 1). On September 21, Berry moved to remand on the basis that Missionaries of Mary failed to obtain the consent of the codefendant, Golla, also a New York resident, making the removal procedurally defective. (Docket Entry No. 3). Missionaries of Mary responded that Golla had consented to removal, but his consent was inadvertently omitted from the notice. (Docket Entry No. 5). Missionaries of Mary filed Golla's consent on September 21. (Docket Entry No. 4).

Missionaries of Mary argues that its earlier failure to attach Golla's consent to the notice of removal is not fatal for jurisdiction because the 30-day removal period had not expired when it filed the consent. (Docket Entry No. 5 at 2). Missionaries of Mary has two arguments: first, that it was not served with Berry's amended petition and therefore the 30-day removal period had not begun or expired by September 21; or that the 30-day period began on August 25, when Missionaries of

Mary first appeared in court.

28 U.S.C. § 1446(b) requires that a removal notice "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The Supreme Court held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999). Once the period begins to run, a defendant may amend its notice of removal anytime before the 30-day removal period ends. *See Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F.Supp. 198, 201 (N.D. Tex. 1990).

Missionaries of Mary cites *Esparza v. Paragon Shipping, Inc.*, No. 2:13-CV-289, 2013 U.S. Dist. LEXIS 179685 (S.D. Tex. Dec. 23, 2013), in support of its argument that improper service doesn't start the 30-day removal period. In *Esparza*, the defendant, Paragon, failed to obtain the consent to removal of one of three defendants. Paragon contended that the third defendant's consent was not necessary because it had not yet filed an appearance. Paragon eventually obtained the consent, which the plaintiff contended was untimely. The court found that service on Paragon was improper and that the 30-day period had not begun, and therefore not expired, when Paragon filed the third defendant's notice of consent to removal. *Id.* at *6 ("There is no question that Esparza must first properly serve Paragon with summons and a copy of the complaint before Paragon's 30-day removal deadline begins to run."); *see also Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014) ("Because Deutsche was never served, its thirty-day period of removal under § 1446(b)(1) never began to run.").

The 30-day period did not begin on the day Berry filed her action. *See, e.g.*, *Ouzenne v. Deutsche Bank Nat'l Trust Co.*, No. H-16-2563, 2017 U.S. Dist. LEXIS 61483 (S.D. Tex. Apr. 24, 2017) (finding that the defendant was never served and that the 30-day window did not begin on the day the plaintiffs filed the action); *Shaffer v. Green Earth Techs., Inc.*, No. SA-CV-00451-XR, 2017 U.S. Dist. LEXIS 94096, at *6 (W.D. Tex. June 19, 2017) ("In short, under the Supreme Court's decision in *Michetti Pipe* and the Fifth Circuit's decision in *Thompson*, the 30-day time limit to remove runs from the date of formal service of process, and the record here shows that Plaintiff never served Defendant with formal process. This failure prevents the 30-day time limit from running against Defendant, and for this reason, removal is timely in this regard.").

Here, Missionaries of Mary provides evidence that Berry did not properly serve the petition and summons. (Docket Entry No. 5-1 at 1, 7). Without formal service of process, the 30-day time limit for removal did not begin to run and had not expired on September 21 when Missionaries of Mary therefore properly and timely amended its notice of removal to include Golla's consent.

Berry's motion for remand is denied.

SIGNED on October 25, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge