IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2629 |
| | § | |
| ALBIN GOLLA AND MISSIONARIES | § | |
| OF THE COMPANY OF MARY, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING THE PLAINTIFF'S MOTION FOR CONTINUANCE**

The plaintiff, Krystal Berry, sued The Missionaries of Mary and Albin Golla for injuries related to a car accident in Texas. This court held an initial conference in this case on December 1, 2017 and set a scheduling order. (Docket Entry No. 14). The scheduling order set May 4, 2018 as the close of discovery and May 18 as the deadline for pre-trial dispositive motions.

On January 19, 2018, Golla's counsel filed a notice of Golla's death. (Docket Entry No. 20). On January 23, the court ordered that Berry had 90 days from the notice of death to move to substitute a party. (Docket Entry No. 21). On February 6, The Missionaries of Mary moved for summary judgment. (Docket Entry No. 22). Berry responded on February 26, with a motion for a continuance because she had not had an adequate or meaningful opportunity to conduct discovery. (Docket Entry No. 23). The Missionaries of Mary opposed the continuance. (Docket Entry No. 24).

"Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *see also Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756, n.9 (5th Cir. 2005) (rejecting the plaintiff's contention that she was not asking for "additional" discovery because the discovery period was still open because

1

Rule 56 does not require any discovery). "As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient." *Baker*, 430 F.3d at 756. "A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party . . . but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing" under Rule 56(d). *Id.* (citations omitted).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "Nevertheless, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to

discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

Berry asks for additional time to conduct discovery because neither the discovery period nor the period for her to substitute a party for her claims against Golla has ended. Berry accuses The Missionaries of Mary of using Golla's death to "opportunistically" move for summary judgment, knowing that Berry's ability to conduct discovery is hampered by Golla's death. The Missionaries of Mary responds that Berry has had multiple opportunities since December to conduct discovery, but she did not do so until two weeks after The Missionaries of Mary moved for summary judgment.

Berry fails to make the requisite showing under Rule 56(d). She identifies four categories of outstanding discovery responses: (1) the first set of interrogatories served on The Missionaries of Mary; (2) the first request for production served on The Missionaries of Mary; (3) a deposition of Matthew Considine; and (4) documents from The Ambrose Catholic Church about Golla's visit to Texas. (Docket Entry No. 23 at 4). But Berry fails to "set forth a plausible basis" for her asserted inability to respond to the motion without those responses. She does not identify specific facts that "probably exist" or explain how those facts "if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894. Although she identifies the discovery she seeks, Berry does not identify specific facts she expects to be discovered, or how—or even if—those facts would influence the outcome of the pending motion.

Berry's motion for a continuance, (Docket Entry No. 23), is denied.

SIGNED on March 6, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge