IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2629 |
| | § | |
| ALBIN GOLLA AND MISSIONARIES | § | |
| OF THE COMPANY OF MARY, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION ON THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The Missionaries of Mary move for summary judgment on the basis that, as a matter of law, they are not responsible for the actions of the co-defendant, Albin Golla. (Docket Entry No. 22). Based on a careful review of the motion, the response, and the reply, the record evidence, and the applicable law, the motion for summary judgment is granted, for the reasons explained below.

**I.     Background**

This case arises out of an October 2015 car accident. The plaintiff, Krystal Berry, was driving on October 9, 2015, a Friday evening, in Houston, Texas. The defendant, Albin Golla, failed to yield the right of way, drove through a stop sign, and hit Berry's car.

Golla was 87 in October 2015. He was a member of the Missionaries of Mary, a Catholic missionary order. "The missionary work done by its members, among other things, consists of devotion to and promoting the Catholic faith and participating in charitable causes." (Docket Entry No. 22-1). Members of the Missionaries of Mary do not receive an income. Any income

1

from their charitable work or any money they receive—including Social Security benefits—is paid directly to the Missionaries of Mary, which in turn covers its members' living expenses as they arise. Golla lived in New York. He volunteered once a week as a hospital chaplain. His only income was through Social Security, paid to the Missionaries of Mary bank account.

In October 2015, Golla was on a personal trip to Houston to visit his sister, who was ill. The Missionaries of Mary paid for Golla's rental car, as they paid all his living expenses. But he was not in Houston to perform work on behalf of the Missionaries, but only to see his sister. (Docket Entry No. 22-1). Berry testified that, immediately after the accident, Golla got out of his car and apologized to her, telling her that he was on his way to give a sermon at the St. Ambrose Catholic Church in Houston. Golla was wearing traditional priest garb. (Docket Entry No. 23-1).

Berry sued both Golla and the Missionaries of Mary in Texas state court in August 2017, alleging negligence as to Golla and vicarious liability as to the Missionaries of Mary. The Missionaries timely removed, and the court denied Berry's motion to remand. (Docket Entry No. 7).

In January 2018, shortly after the court held a Rule 16 scheduling conference and the parties began discovery, Golla died. (Docket Entry No. 20). The court ordered Berry to substitute a representative for Golla's estate within 90 days or the case would be dismissed. (Docket Entry No. 21). The 90-day period has not yet expired.

II.     **The Legal Standard**

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v.*

*Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing an absence of evidence to support the nonmoving party's case. *Fret v. Melton Truck Lines, Inc.*, No. 17-50031, 2017 U.S. App. LEXIS 16912, at *5–6 (5th Cir. Sept. 1, 2017) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 Fed. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Parish Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 Fed. App'x 313, 317 (5th Cir. 2016) (quoting Boudreaux, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

**III.    Analysis**

The Missionaries of Mary argue that because Golla was not acting in the course and scope of his employment at the time of the accident, the Missionaries cannot be vicariously liable for his actions. Berry argues that there is a genuine factual dispute material to determining whether Golla was acting within the course and scope of his employment with the Missionaries of Mary at the time of the accident. The Missionaries also argue that Berry has no evidence to prove her respondeat superior claim. Berry objects to the no-evidence motion, arguing that it is a state-court motion not recognized under Rule 56 of the Federal Rules of Civil Procedure.

The summary judgment record consists of:

- the affidavit of Father Mathew Considine, a Catholic priest and Provincial Superior of the Missionaries of Mary, (Docket Entry No. 22, Ex. A);

4

- the affidavit of Krystal Berry, (Docket Entry No. 23, Ex. A);

- a copy of the police report about the accident, (Docket Entry No. 23, Ex. C);

- the affidavit of Eric Nielsen, Berry's attorney, (Docket Entry No. 23, Ex. D); and

- a copy of the St. Ambrose Catholic Church mass schedule, (Docket Entry No. 23, Ex. D at 3).

As a threshold matter, the Missionaries of Mary argue that Berry's response and objections to the motion for summary judgment are untimely. They are not. The Missionaries of Mary moved for summary judgment on February 6, 2017. Local Rules 7.3 and 7.4 require responses to motions within 21 days. The deadline to respond was February 27, 2018. Berry filed her response one day early, on February 26, 2018. (Docket Entry No. 23). Berry's response is timely.

### A. The No-Evidence Summary Judgment Motion

Berry argues that the "no-evidence" summary judgment motion is not recognized by the Federal Rules of Civil Procedure. (Docket Entry No. 23 at 4). The Missionaries of Mary disagree, arguing that the Supreme Court approved a no-evidence summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).

Courts in this district have previously held that while no-evidence summary judgment motions are available under Texas procedure, Rule 56 does not recognize them. *See, e.g.*, *Royal Surplus Lines Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure."). The

5

Fifth Circuit recently addressed the issue in *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017). The appellant argued, as does Berry, that federal law does not allow for no evidence summary judgment motions, but instead requires the moving party to point to evidence in the record showing no material factual dispute and entitlement to judgment as a matter of law. The Fifth Circuit explained that "[u]nder federal law . . . it has long been the rule that when the nonmovant had the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Id.* at 335. The movant can shift the summary judgment burden to the nonmovant by showing that there is no evidence of an element of the nonmovant's case. A movant cannot shift the burden by a conclusory statement that the nonmovant has no evidence to support her case. *Id.* at 335, n.10. Rather, the movant must "point[] out that there is no evidence to support a *specific element* of the non-movant's claim." *Id.* (emphasis in original); *see also Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993) (a conclusory statement by the moving party that the other side has no evidence to support her case was insufficient to shift the burden to the nonmovant).

The Missionaries of Mary argue that the record includes no evidence that Golla's trip to Houston was: (1) within the general scope of his work with the Missionaries; (2) in furtherance of the Missionaries' business; or (3) to accomplish the purpose of Golla's work with the Missionaries. (Docket Entry No. 22 at 6). The Missionaries of Mary specifically state which elements Berry lacks evidence to support. This is far more than a conclusory allegation that the evidence is lacking. The Missionaries have successfully shifted the burden to Berry to demonstrate a genuine factual dispute as to vicarious liability.

### B. Vicarious Liability

"Generally, a person has no duty to control the conduct of another." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)). "Under the theory of respondeat superior, however, an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Id.* (citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)). "[A]n employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Id.* (quoting *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002)). "The employee's acts must be of the same general nature as the conduct authorized or incidental to the conduct authorized to be within the scope of employment." *Id.* "[I]f an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation." *Id.* (quoting *Minyard Food Stores*, 80 S.W.3d at 577). "The primary test for determining whether an employee is acting within the course and scope of employment is whether the employer has the right to direct and control the employee's performance at the time of the alleged negligent act." *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717, 720 (Tex. App.—Austin 2004, no pet.) (citing *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex. 2003)). An employer is generally not responsible for the actions of its off-duty employees, unless the employer exercises control over that employee extending to off-duty activities. *Otis En'g Corp*, 668 S.W.2d at 308, 311.

Whether an employee is acting in the course and scope of his employment is a question of fact if more than one inference can be drawn from the evidence. *See, e.g.*, *De Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Arbelaez*, 149 S.W.3d at 720 ("Course and scope of employment is generally a fact issue like negligence or proximate cause."). Is there a genuine factual dispute material to determining whether Golla was acting in the course and scope of his employment for the Missionaries of Mary? The Missionaries of Mary present an affidavit from Father Considine. (Docket Entry No. 22-1). Father Considine testified that he is the "provincial Supervisor" for the Missionaries of Mary, responsible for designating or approving any personal assignments for members. (*Id.* at 3). He testified that he did not send Golla to Houston for the Missionaries of Mary or assign him any duties or work in Houston on the Missionaries' behalf. Father Considine testified that the scope of Golla's work for the Missionaries of Mary was narrow. He volunteered once a week as a hospital chaplain in New York. (*Id.*). Golla did not travel to Houston to volunteer as a hospital chaplain or to perform other duties for the Missionaries, As a result, the Missionaries argue, Golla was not acting within the course and scope of his employment at the time of the accident.[1]

Berry, on the other hand, construes Golla's "work" with the Missionaries more broadly. Berry argues that because the "missionary work done by [the Missionaries'] members, among other things, consists of devotion to and promoting the Catholic faith and participating in

---

[1] In their reply, the Missionaries of Mary argue that Golla was a brother, not a priest, and did not perform sermons. To deliver a sermon in a Houston Catholic Church would require Golla to obtain the approval of the local Houston diocese, which Golla did not do. (Docket Entry No. 26). The Missionaries of Mary argue that if Golla was going to St. Ambrose Catholic Church, even if he planned on giving a sermon, it would be as an individual acting for personal reasons, not as a brother of the Missionaries. (*Id.*). The court does not rely on these arguments, presented only in the reply brief. However, Berry points to no evidence that the Missionaries assigned or authorized Golla to give a sermon on behalf of the Missionaries when he was in Houston, or at any other time.

8

charitable causes," Golla could further that work at almost any time or place. (Docket Entry No. 23, Ex. B). Berry testified that Golla told her immediately after the accident that he was on his way to give a sermon at the St. Ambrose Catholic Church in Houston. Because giving a sermon is "promoting the Catholic faith," Berry argues, Golla was acting in the course and scope of his work for the Missionaries of Mary at the time of the accident. Berry argues that the Missionaries of Mary have taken an overly broad interpretation of Golla's "trip." The relevant trip, according to Berry, was not from New York to Houston, but Golla's trip to St. Ambrose in Houston.

The Missionaries of Mary rely primarily on *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239 (Tex. 2010), to argue that "course and scope" does not include travel that is for personal purposes. They acknowledge that there is a narrow exception if evidence shows that: (1) the employee would have traveled to the same place even absent a personal purpose; and (2) the employee would not have traveled but for the employer's purposes. *Leordeanu*, a worker's compensation case, interpreted the Texas Labor Code provision defining "course and scope of employment." Neither party has cited, nor has the court found, cases applying the "dual purpose" rule from the worker's compensation context to a claim of vicarious liability. In *Painter v. Sandridge Energy, Inc.*, 511 S.W.3d 713 (Tex. App.—El Paso 2015, pet. denied), the court addressed the relationship between the worker's compensation claims and the vicarious liability claims:

> [T]he statutory provisions of the Labor Code do not dictate the outcome of this common law negligence case. The Worker's Compensation Act represents a statutorily imposed compromise between a worker and employer whereby a worker forfeits their right to sue the employer in exchange for certain, but more limited benefits.
>  . . .

> The context of this suit, however, is an effort to impose vicarious liability on one party for the conduct of another; a concept which is generally a pure policy question of allocation of risk.
> . . .
> The rules governing course and scope under the Labor Code, and vicarious liability under respondeat superior, can dictate different outcomes based on the same set of facts. While we might look to the statutory definitions of the Labor Code as persuasive authority, we do not view them as binding as to the issues in this suit.

The Missionaries' reliance on *Leordeanu* is informative, but does not dictate the outcome.

The Missionaries of Mary have, however, shown that no reasonable juror could conclude that the undisputed evidence shows that Golla's trip to Houston or to St. Ambrose was in the course and scope of his duties as a brother of the Missionaries of Mary. The Missionaries of Mary have presented uncontroverted evidence that Golla was not sent to Houston by the Missionaries, had no Missionary work or duty to perform in Houston, and was in Houston and driving to St. Ambrose solely for personal reasons. The undisputed facts show no record evidence that would permit a reasonable jury to find that Golla was acting in the course and scope of his role with the Missionaries of Mary in New York when he hit Berry's car while on a personal trip to Houston to visit his ailing sister. The Missionaries are entitled to summary judgment dismissing the vicarious liability claim.

## IV. Conclusion

The Missionaries of Mary's motion for summary judgment, (Docket Entry No. 22), is granted.

SIGNED on March 23, 2018, at Houston, Texas.

_Lee H. Rosenthal_

Lee H. Rosenthal
                                            Chief United States District Judge