IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KRYSTAL BERRY**<br>    Plaintiff | §<br>§<br>§ |
| | §    Civil Action No. 4:17-cv-02629 |
| **VS.** | §<br>§ |
| **ALBIN GOLLA AND MISSIONARIES OF THE COMPANY OF MARY, INC.**<br>    Defendants | §<br>§<br>§ |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendant, **JOHN GALLA,** the substituted party for Albin Golla, and files this his Traditional and No-Evidence Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

I.

#### SUMMARY OF MOTION

1. This case arises out of a motor vehicle accident of October 9, 2015 between Plaintiff, Krystal Berry and Defendant Albin Golla. Defendant Albin Golla died January 5, 2018. On January 19, 2018, Defendant's counsel filed a suggestion of death for Golla. Thereafter, the Court ordered the Plaintiff to substitute the proper party on behalf of Albin Golla within 90 days of the death notice. On or about April 5, 2018, plaintiff filed a Motion to Substitute John Galla, Golla's nephew, as the named Defendant in this case in place of Golla. On April 6, 2018, the Court granted Plaintiff's motion and substituted in John Galla

for Albin Golla, as defendant in this case, dismissing Albin Golla as a defendant in this case.

2.  Defendant John Galla would show that he is not a proper party to this case and should be granted summary judgment dismissing him from this case. Defendant John Galla was not involved in the accident at issue in this case and has no personal liability for this accident. Galla is not a representative of Golla's estate and cannot be named in a representative capacity. Further, under Texas law, as an heir of Albin Golla, Galla's only possible liability for debts of Golla are limited to the extent any property from Golla's estate has been transferred to him. No property has been transferred to Galla from Golla and as such Galla has no liability for any debts of Golla and is entitled to summary judgment.

3.  And since Plaintiff has not substituted in any proper party within the time limit of Rule 25 of the Federal Rules of Civil Procedure, then this entire case should be dismissed.

## II.

### FACTUAL BACKGROUND

4.  This case arises out of a motor vehicle accident of October 9, 2015 between Plaintiff, Krystal Berry and Defendant Albin Golla. *See* Docket entry No. 1-3, Plaintiff's First Amended Petition. Defendant Albin Golla died January 5, 2018. On January 19, 2018, Defendant's counsel filed a suggestion of death for Golla. *See* Docket Entry No. 20. Thereafter, the Court ordered Plaintiff to substitute the proper party on behalf of Albin Golla within 90 days of the death notice. *See* Docket Entry No. 21. On or about April 5, 2018, plaintiff filed a Motion to Substitute John Galla, Golla's nephew, as the named Defendant in this case in place of Golla. *See* Docket Entry No. 32. On April 6, 2018, this Court granted Plaintiff's motion and substituted in John Galla for Albin Golla, as defendant in this

case, dismissing Albin Golla as a defendant in this case. *See* Docket Entry No. 33.

5. John Galla is the nephew of Albin Golla. *See* Exhibit "A". Galla was not involved in the accident at issue in this case and did own any of the vehicles involved in this case. *See* Exhibit "A". Golla was a member of the Missionaries of the Company of Mary or Montfort Missionaries and lived in New York. *See* Exhibit "A". Golla took a vow of poverty and did not own any real or personal property. *See* Exhibit "A". No Estate has been taken out for Golla. *See* Exhibit "A". John Galla is not a representative of any estate for Golla, and John Galla was not given anything from Golla following Golla's death. *See* Exhibit "A".

### III.

### Summary Judgment Standard

6. Summary judgment is proper when the pleadings, discovery, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56( c); *Williamson v. Am. Nat'l Ins.*, 695 F. Supp. 2d 431, 441 (S.D. Tex. 2010). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing a motion must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

IV.

**GROUNDS FOR SUMMARY JUDGMENT**

7. **Traditional Grounds**: Mr. Galla was not involved in the accident at issue in this case, is not a representative of the estate of Golla, and was given no distributions from Golla after Golla's death, and accordingly, cannot have any liability to Plaintiff for the incident at issue in this case.

8. **No-Evidence Grounds**: After an adequate time for discovery has passed, Plaintiff has no evidence to prove that Galla has any personal liability for the claims at issue in this case.

V.

**ARGUMENTS AND AUTHORITIES**

A.

**TRADITIONAL MOTION**

9. Although the Federal Rules "govern the procedure for substitution following a party's death, state substantive law determines the survivability of the cause of action and the status of the party seeking to be substituted for the [decedent]." *Wilson v. Novartis Pharmaceuticals Corp., No.* 4:12-CV-684-A, 2013 WL 593895, at *9 n.7 (N.D. Tex. Feb. 15, 2013), aff'd 575 Fed.Appx. 296 (5th Cir. 2014) (citations omitted); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010) ("Whether a person is a proper party is ... a substantive rather than procedural question and is determined according to state law."). In this case, Plaintiff requested that the Court substitute John Galla, a next of kin to Golla, as the named Defendant in this case, in place of Albin Golla.  The Court entered an order on Plaintiff's request.  But as shown herein, there is no factual or legal basis for Galla to

held responsible for the debts of decedent, Albin Golla.

10.     The claims being presented here are for acts or omissions of Albin Golla prior to his death, which are in personam debts, and as such, are debts of the estate. *Smith v. Basham*, 227 S.W.2d 853, 856 (Tex. Civ. App.), aff'd, 149 Tex. 279, 233 S.W.2d 297 (1950).  As a general rule, suit against a decedent's estate must be brought against the person representing it. *Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 802 (Tex. Civ. App. 1971).   But under some circumstances a suit may be brought directly against the decedent's heirs, such as in the case where no administration has been taken out and none is necessary.  *See Id.*  Under the Texas Estates Code, property of the decedent received by the heirs is subject to payment of the debts of the decedent.  See Texas Estates Code. § 101.001 and §101.051.  Such debts constitute a lien on the estate which may be  enforced by a creditor through an action against the heirs to whom the estate has descended and been distributed; but in such suit the creditor's petition must allege that the estate has been distributed to the heirs sued, and upon trial the creditor must show, specifically, what property came into the hands of the heirs, to enable the court to properly decree the lien. *Perkins*, 466 S.W.2d at 803.  **Heirs are not personally liable to a claimant against the estate for the value of property received by them unless they have disposed of it or so changed its form so as to render it impossible of identification**. *Id.* (Citing *Blinn v . McDonald*, 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931 (1899); *Chadwick v. Watkins*, 258 S.W.2d 194 (Tex.Civ.App., Texarkana, 1953, n.w.h.); *Cross v. Hancock's Estate*, 176 S.W.2d 586 (Tex.Civ.App., Amarillo, 1943, wr. ref. w.o.m.); *Westerfeld v. Stout*, 129 S.W.2d 478 (Tex.Civ.App., San Antonio, 1939, wr. dism. j. corr.)).

11. This case is very similar to *Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 802 (Tex. Civ. App. 1971). *See* Exhibit "B". In that auto accident case, plaintiff brought suit for personal injuries against the parents of the other driver, who died as a result of the accident. *Id*. at 802. The decedent driver died without a will and no estate was necessary or taken out. *Id.* The Defendant parents were sued as the sole heirs of the decedent driver and for negligent entrustment of the motor vehicle. *Id.* In the *Perkins* case, the Court found that there was no evidence the parents had received any property of their deceased son. *Id.* The Court held that the parents, as heirs of their deceased son, were not personally liable to the plaintiff in the absence of any evidence concerning any property which had come into their hands from their deceased son. *Id.* at 803. The *Perkins* Court ordered the Plaintiff take nothing from the Perkins. *Id.*

12. This is the same situation in this case. Galla is alleged to be a next of kin to Golla, which is the reason he was asked to be substituted in for Golla. That is simply not an appropriate basis for him to be named a Defendant in this case in place of his uncle. He is not the representative of Golla's estate, and no estate has been taken out for Golla. While Galla is arguably an heir to Golla, he never received any property from Golla, and was not involved in any way with the accident at issue in this case. Accordingly, he can have no liability for the claims at issue in this case. Galla is entitled to summary judgment on all of plaintiff's claims asserted against him.

**B.**

**NO EVIDENCE MOTION**

13. Texas law on heir liability is set forth above. In this case, there is no evidence of any of the following: 1) any facts or legal basis for personal liability for John Galla as a

result of the accident itself; 2) John Galla is not a representative of the any estate for Golla; and 3) and John Galla has not received any distribution or property from Albin Golla or his estate.  Without such evidence, there is no legal basis for any judgment against John Galla who is the named defendant in this matter.

## VI.

### SUMMARY JUDGMENT APPROPRIATE

14.     Pursuant to Fed R. Civ P. 25, Plaintiff had 90 days to bring in a proper party to this case.  Plaintiff could have opened an estate for Albin Golla in Texas and had an estate representative appointed and substituted in for Albin Golla.  That was not done.  Instead, Plaintiff asked that a family member of Golla, John Galla, as a next of kin to Albin Golla, be substituted in for Albin Golla, now deceased.  As shown in this motion, John Galla is not the personal representative of Albin Golla, has no personal liability for this accident, and received nothing from Albin Golla's estate.  As such he can have not have any liability for this incident to Plaintiff and summary judgment is appropriate as to John Galla providing that plaintiff take nothing from John Galla.

Very truly yours,

**FUNDERBURK FUNDERBURK COURTOIS, LLP**

_____/s/_____
**MARK J. COURTOIS**
State Bar No. 04897650
Email: mjcourtois@ffllp.com
**DIANE S. DAVIS**
State Bar No. 24053836
Email: ddavis@ffllp.com
2777 Allen Parkway, Suite 1000
Houston, Texas  77019
Telephone: (713) 526-1801

Facsimile: (713) 526-2708
**ATTORNEYS FOR DEFENDANT,
JOHN GALLA**

## CERTIFICATE OF SERVICE

I, **MARK J. COURTOIS**, certify that a true and correct copy of the forgoing instrument has been served upon all known counsel of record via the PACER system on this the 2nd day of May, 2018.

_____/s/_____
**MARK J. COURTOIS**