IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL BERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2629 |
| | § | |
| ALBIN GOLLA AND MISSIONARIES OF THE COMPANY OF MARY, INC., | § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING
GALLA'S MOTION FOR SUMMARY JUDGMENT**

John Galla moves for summary judgment on the basis that he is not a proper party to this lawsuit. (Docket Entry No. 39 at ¶ 2). Based on a careful review of the motion, response, and reply, the record evidence, and the applicable law, the motion for summary judgment is granted, and final judgment is entered by separate order. The reasons are explained below.

**I.     Background**

This case arises out of a motor vehicle accident on October 9, 2015 between the plaintiff, Krystal Berry, and the now deceased driver and defendant, Albin Golla. Golla failed to yield the right of way, drove through a stop sign, and hit Berry's car.

Golla was 87 in October 2015. He was a member of the Missionaries of Mary, a Catholic missionary order. Members of the Missionaries of Mary do not receive income. Any income from their charitable work or any money they receive—including Social Security benefits—is paid directly to the Missionaries of Mary, which in turn covers its members' living expenses as they arise. Golla's only income was through Social Security, paid to the Missionaries of Mary bank account.

1

Berry sued both Golla and the Missionaries of Mary in Texas state court in August 2017, alleging negligence as to Golla and vicarious liability as to the Missionaries of Mary. The Missionaries timely removed, and the court denied Berry's motion to remand. (Docket Entry Nos. 1, 3, 7).

Golla died on January 5, 2018. On January 19, 2018, Golla's counsel filed a suggestion of death, and the court ordered Berry to substitute the proper party within 90 days, under Rule 25 of the Federal Rules of Civil Procedure. (Docket Entry Nos. 20, 21). Berry filed a motion to substitute John Galla for Golla on April 5, 2018, which the court granted. (Docket Entry Nos. 32, 33). Galla is Golla's nephew and presumed closest living relative.[1] (Docket Entry No. 44 at ¶ 10). Galla moved for summary judgment on May 2, 2018. (Docket Entry No. 39). Galla was not personally involved in the accident. (Docket Entry Nos. 39 at ¶ 2, 39-1, 44-1, 44-2). Berry does not allege that Galla is either personally or vicariously liable in his individual capacity, but named him only because he is Golla's closest living relative. (Docket Entry Nos. 32 at ¶ 4, 44 at ¶ 1).

## II. The Legal Standard for Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F. 3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.,* 783 F.3d 527, 536 (5th Cir. 2015)

---

[1] Berry uses the language "next of kin" in her motion to substitute. (Docket Entry No. 32 at ¶ 1). (The Texas Estate Code, however, provides a statutory definition of next of kin as the "adopted child" and "adoptive parents of the adopted child." Tex. Est. Code Ann. § 22.026 (West 2014)). The court assumes from the context that Berry is using the common meaning of "next of kin" to refer to Golla's closest living relative.

(quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing an absence of evidence to support the nonmoving party's case. *Fret v. Melton Truck Lines, Inc.*, No. 17-50031, 2017 U.S. App. LEXIS 16912, at *5-6 (5th Cir. Sept. 1, 2017) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 Fed. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Parish Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and

articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision*, LLC, 642 Fed. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux*, 402 F.3d at 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

## III. Analysis

Galla argues that he is not personally liable for the accident, he is not a representative of Golla's estate, and he is not liable as Golla's heir or successor-in-interest because he did not receive any of Golla's property when he died. Berry concedes that Galla is neither directly, nor vicariously, liable for the accident. Berry further concedes she does not seek to recover from Galla as the representative of Golla's estate. Berry argues only that Galla is a proper party as Golla's closest relative and heir.

### A. The Applicable Procedural Rule

Berry relies on Texas Rule of Civil Procedure 152. Her reliance on the state procedural rule is misplaced. This case was properly removed to federal court, and the Federal Rules of Civil Procedure apply. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th. Cir. 2006) ("[F]ederal law, rather than state law, invariably governs procedural matters in federal courts."); *see also McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) ("[O]nce a state court action is removed, it is governed by federal, rather than state, procedure.") (citing *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984)). Texas Rule 152 does not apply to

4

substituting a party after a defendant in a federal lawsuit dies. *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G, 2015 WL 5923996, at *1–2 (N.D. Tex. Oct. 19, 2015) (Texas Rule 152 does not apply after removal to federal court; Federal Rule of Civil Procedure 25 applies).

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." FED. R. CIV. P. 25(a)(1). Berry timely moved to substitute Galla as Golla's closest living relative and likely successor-in-interest. (Docket Entry No. 32 at ¶ 1, ¶ 4). The motion was proper under Rule 25. *See, e.g. Torres v. Bayer Corp.*, 616 F.3d 778, 784-89 (8th Cir. 2010) (a motion for substitution is to be liberally granted and can extend to persons who may have an interest in the estate without a legal role in administering the estate). Galla is a proper party; the issue is whether there is a basis for Berry to recover against him.

### B. Substantive Claims

The basis of Berry's claim for recovery is not entirely clear. She sues Galla in his individual capacity as an heir, but presents no evidence that he inherited property from Golla. Galla testified that he is not the executor of Golla's estate, and received no property or assets from Golla when he died. As a member of the Missionaries of Mary, Golla had taken a vow of poverty and had no property or assets to transfer. (Docket Entry No. 39-1).

#### i. Personal and Vicarious Liability

Berry concedes that she is not "attempting to hold Galla personally or vicariously responsible for decedent Golla's negligence." (Docket Entry No. 44 at ¶ 1). It is undisputed that Galla was neither involved in the accident nor owned the vehicle Golla was driving. (Docket Entry No. 39 at ¶ 5).

5

"Generally, a person has no duty to control the conduct of another." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007) (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)). "One who voluntarily enters an affirmative course of action affecting the interests of another is regarded as assuming a duty to act and must do so with reasonable care." *Clark*, 668 S.W.2d at 309 (citing *Colonial Savings Ass'n v. Taylor*, 544 S.W.2d 116 (Tex. 1976). Nothing in the record supports an inference that Galla had a duty to control Golla's conduct, or that Galla affirmatively assumed a duty to act. Berry neither submits nor points to any evidence supporting a vicarious liability claim.

### ii. Representation of Golla's Estate

Galla argues that he is not a representative of Golla's estate. (Docket Entry No. 39 at ¶ 7). Representatives of estates may be proper parties for substitution after a defendant's death. *Williams,* 2011 WL 863501, at *27–28 ("[a] suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representative . . . ."). A representative includes "(1) an executor and independent executor; (2) an administrator, independent administrator, and temporary administrator, and (3) a successor to an executor or administrator." TEX. EST. CODE ANN. § 22.031 (West 2014). Galla testifies that he is not the executor, or administrator of Golla's estate. Berry concedes that she does not seek to recover from Galla "as the representative of [Golla's] estate." (Docket Entry Nos. 39-1, 44 at ¶ 13).

### iii. Liability as Successor-in-Interest

In deciding whether Berry can recover based on Galla's status as a successor, the court looks to the state substantive law. *See, e.g., Torres*, 616 F.3d at 788 (instructing a lower court to interpret state probate law in qualifying the party as a successor).

While the Texas Estate Code does not define or use the term "successor," other courts interpreting Texas law have allowed recovery from a decedent's heirs. *Williams v. Williams*, No. 1-10-CV-183, 2011 WL 863501, at *27–28 (E.D. Tex. Mar. 9, 2011). "If the legal representative is unavailable, a plaintiff may properly sue the heirs or beneficiaries." *Id.* at *27 (citing *Rooke v. Reed Jenson*, 838 S.W.2d 229, 230 (Tex. 1992)). "Under Texas law, [a] suit seeking to establish the decedent's liability on a claim and subject the property of the estate to its payment should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries." *Id.* (quoting *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975)); *see also McCampbell v. Henderson*, 50 Tex. 601, 611 (1857) ("An heir can only be held liable for the debts of his ancestor to the extent of the estate which has descended to or vested in him").

In *Williams*, for example, the court allowed the plaintiff to pursue a breach of contract claim against the decedent's property by substituting the heirs as defendants, and to pursue a claim against the decedent's estate. *Williams*, 2011 WL 863501, at *27-28. The allegations against the heirs were sufficient because although the suit was not based on "any conduct on their part," it could proceed based on "their status as beneficiaries of [decedent's] estate." *Id.* at 28.

The Texas Estate Codes define "heir" as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." TEX. EST. CODE ANN. § 22.015 (West 2014). The Texas descent and distribution statute allows a decedent's nephew to inherit property when the decedent had no surviving children or surviving parents. TEX. EST. CODE ANN. § 201.001(e) (West 2014). Galla does not directly dispute that he is Golla's legal heir, but instead focuses on the fact that he did not inherit any property or assets from Golla, who had

7

none. (Docket Entry No. 39 at ¶ 12) ("While Galla is arguably an heir to Golla, he never received any property from Golla . . . .").

Assuming that Galla is the legal heir to Golla's estate under Texas law, Berry's recovery from Galla is limited to the property that Galla inherited from Golla's estate. *Cf. Van Huss v. Buchanan*, 508 S.W.2d 412, 416 (Tex. Civ. App.—Fort Worth 1974, writ dism'd w.o.j.) ("[A]n heir who has received property of the estate to which he is an heir is only personally liable to the creditors of such estate to the extent of the value of the estate's property that he has received."). Galla submits uncontroverted evidence that he received no property or assets from Golla. (Docket Entry No. 39-1).

The parties dispute whether *Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801 (Tex. App.—Corpus Christ 1971, no pet.), applies. (Docket Entry No. 39-2). In *Perkins*, the plaintiff sued the decedent's parents after the decedent damaged the plaintiff's truck. *Perkins*, 466 S.W.2d at 802. The plaintiff sought recovery under two claims, including "that appellants were the sole heirs at law of their son and liable for appellee's damages 'out of their inheritance from him.'" *Id.* Berry frames the second claim in *Perkins* as an attempt "to sue the deceased Defendant's parents directly . . . as representatives of the estate of the deceased Defendant." (Docket Entry No. 44 at ¶ 12). The claim was instead against the parents as the decedent's heirs, only because there was no representative of the estate. *Perkins*, 466 S.W.2d at 802. The *Perkins* court interpreted Texas Probate Code § 37, finding that "when a suit against the heirs proceeds, property of the decedent received by the heirs is subject to payment of the debts of the decedent." *Id.* "Such debts constitute a lien on the estate by a creditor through an action against the heirs . . . but in such a suit the creditor's petition *must allege that the estate has been distributed to the heirs sued.*" *Id.* (emphasis added). The current

8

version of the Texas Estate Code similarly states, to the extent that the decedent's estate vested to the heirs at law, it is "still subject to the payments of the debt of the decedent . . . ." TEX. EST. CODE ANN. §§ 101.051(a), 101.001(a)(3) (West 2014). The requirement that the substituted defendant have received property from the decedent's estate, allowing recovery only from that property, remains.

In *Perkins*, the parents were not liable to the plaintiff as the decedent's heirs at law as "there [was] no evidence to show that [the parents] received any property of their deceased son." *Perkins*, 466 S.W.2d at 803. The same is true here. Nothing in the record supports the conclusion that Galla received any of Golla's property, or that Galla is liable as the successor in interest.

## IV. Conclusion

Galla's motion for summary judgment, (Docket Entry No. 39), is granted. This case is dismissed, with prejudice. Final judgment is entered by separate order. Each party is to bear its own costs.

SIGNED on June 15, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

9