IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KRYSTAL BERRY, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. H-17-2629 |
| ALBIN GOLLA AND MISSIONARIES OF THE COMPANY OF MARY, INC., | § |
| Defendants. | § |

**MEMORANDUM AND OPINION**

The court previously granted summary judgment to both defendants, the Missionaries of Mary and John Galla, the nephew who substituted for Albin Golla after this defendant's death. (Docket Entry Nos. 29, 48). Krystal Berry unsuccessfully sought reconsideration of the court's ruling granting the Missionaries' summary judgment motion. (Docket Entry No. 47). Berry again seeks reconsideration, this time of the grant of summary judgment for Galla and of the grant of summary judgment for the Missionaries. (Docket Entry No. 50). For the reasons stated below, this second motion for reconsideration is also denied.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). Motions to reconsider are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or motions for relief from judgment under Rule 60(b), depending on when the motion is filed. *Demahy v. Schwarz Pharm. Inc.*, No. 11-31073, 2012 WL 5261492, at *2 n.2 (5th Cir. Oct. 25, 2012) (citing *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Berry

1

moves under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five bases for relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b)(1)–(5). Rule 60(b)(6) also allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Rule 60(b) allows the trial court to "correct obvious errors or injustices." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). A party moving under Rule 60(b) must show "unusual or unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). A motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98-2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)). A motion for relief under Rule 60(b) is "not a substitute for the ordinary method of redressing judicial error—appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983).

2

Berry does not state which Rule 60(b) provision she relies on. She argues that there is evidence that Galla "did, in fact, inherit a benefit from Golla's estate." (Docket Entry No. 50). The court had stated that Galla had received no property from Golla. Berry argues that Galla's receipt of proceeds from Golla's insurance policy shows that her claim against Galla should be allowed to proceed. Berry's argument can be fairly understood as a newly discovered evidence argument under Rule 60(b)(2). FED. R. CIV. P. 60(b)(2). Berry did not mention any insurance proceeds in her response to Galla's motion for summary judgment. Nor did she directly dispute Galla's argument that he "never received proceeds from [Golla's] estate." (Docket Entry No. 44).

Rule 60(b)(2) allows relief from judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). "To succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 643 (S.D. Tex. 2009) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)).

Here, Berry neither identifies nor presents evidence that Galla received an insurance payout from Golla's insurance; Nor does Berry produce or identify evidence that controverts Galla's affidavit stating that he received nothing from Golla after his death. (Docket Entry No. 39-1 at 3). She relies on a conclusory allegation in her reconsideration motion that Galla "received the benefits from Golla's insurance company that has provided him with counsel to both defend and indemnify him from any liability." (Docket Entry No. 50 at 3). Elsewhere, Berry states that she seeks the opportunity "to fully litigate and *explore the extent of* [Galla's] inherited benefits . . . ." (Docket Entry No. 50 at 4)

3

(emphasis added). This statement indicates that Berry has not discovered new evidence, but rather wants more discovery to find out if Galla has received payments from Golla's insurance. This is insufficient for reconsideration, which may be granted if the moving party presents new evidence that could not have been obtained despite due diligence.

Second, Berry makes no showing that she exercised due diligence in seeking policy payment information before the entry of final judgment. Berry's bare allegations that "evidence exists" showing that Galla received money from Golla's policy that might be subject to recovery in this lawsuit is an insufficient basis for reconsidering the summary judgment.

Finally, Berry's argument that if she did have evidence of Galla's receipt of proceeds from Golla's insurance policy, it would bear on the judgment in favor of the Missionaries, is unpersuasive. The court granted summary judgment for the Missionaries on the issue of vicarious liability. Any insurance payments Galla may have received would not affect the Missionaries' liability.

Berry makes an alternative argument for a new trial for her claims against the Missionaries and Galla. She argues that the Missionaries "may also be liable to Plaintiff as beneficiaries of Golla," and that granting summary judgment deprived Berry of "the opportunity to litigate crucial material facts to show that" both defendants obtained money when Golla died. (Docket Entry No. 50 at 4). "The Federal Rules of Civil Procedure do not specifically provide for motions for new trial when, as here, no trial has occurred." *Lopez v. Sovereign Bank, N.A.*, 2015 U.S. Dist. LEXIS 113507, at *4 (S.D. Tex. Aug. 27, 2015) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Motions asking for a new trial when there has been no trial are generally analyzed under the same standards as a Rule 60(b) motion to reconsider. *Id.* Berry presents no new evidence or argument in support of her motion. The court has fully considered and, in the case of the Missionaries, previously reconsidered, the arguments and summary judgment evidence. Berry points to nothing that changes

4

the outcome.

Finally, Berry argues that Golla's suggestion of death was improper under Rule 25 because it requires serving the notice on nonparties under with Rule 4.  *See* FED. R. CIV. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.").  Berry argues that because Golla's attorney failed to serve any nonparty with the suggestion of death, Berry's attorney had to determine who the proper substituted party should be.  Berry cites *Sampson v. ASC Indus.*, 780 F.3d 679 (5th Cir. 2015), in support of her argument.  *Sampson* explains that "[p]ersonal representatives of a [deceased party's] estate are non-parties that must be personally served under Rule 25."  *Id.* at 681.  Galla stated in his affidavit, and Berry agreed in her response to Galla's motion for summary judgment, that he was not Golla's personal representative.  (*See* Docket Entry No. 39-1 at 3; Docket Entry No. 44 at 4).  It is unclear what relief Berry seeks by arguing that the defendants did not comply with the Rule 25 service requirement.  *Sampson* dealt with the relationship between a failure to serve a nonparty and the start of the 90-day deadline to substitute under Rule 25.  The *Sampson* court found that a notice of death must be personally served on the personal representative before the 90-day deadline begins.  That issue is not present here.

In *Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971), the Fifth Circuit addressed whether Rule 4 service on a deceased-defendant's estate was required for the district court to grant a motion to substitute.  The court held that service was required.  Berry does not argue that the court improperly granted her motion to substitute.

In *Ray v. Koester*, 85 F. App'x 983 (5th Cir. 2004), the Fifth Circuit held that "a deceased-defendant's attorney who filed the suggestion of death for his client was not required to identify the successor party in order for the Rule 25 ninety-day clock to run."  *Sampson*, 780 F.3d at 683 (citing

5

*Ray*, 85 F. App'x at 984). In *Ray*, the court affirmed the lower court's dismissal after the plaintiff failed to file a motion to substitute within the deadline. Here, Berry timely moved to substitute and the claims against Golla were not dismissed.

As noted, Berry does not argue that her motion to substitute was improperly granted. She argues that "[i]f [Golla] had filed and served a suggestion of death that comports with the Fed. R. Civ. Pro. 25, [Berry] would have been able to identify who is, in fact, the proper party to substitute in for Golla." (Docket Entry No. 50 at 5). The relief available for a failure to properly serve is not a basis for the relief Berry seeks. Berry herself moved to substitute Galla, and no other party objected. Generally, the proper vehicle to challenge the sufficiency of service is Rule 12(b)(5). *See* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2018) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). "A motion challenging service must be made prior to the filing of a responsive pleading" or it will be deemed waived. *Id.*; FED. R. CIV. P. 12(h). Berry failed to raise the issue of service at any earlier stage of the litigation. Raising it now is untimely.

The motion for reconsideration is denied.

SIGNED on July 20, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge